Colby Qualls
Ark. Bar No. 2019246
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
colby@sanfordlawfirm.com

Daniel I. Pace
PACE LAW OFFICES
101 East 9th Avenue, Suite 7A
Anchorage, Alaska 99501
Telephone: (907) 222-4003
Facsimile: (907) 222-4006
dan@pacelawoffices.com

ATTORNEYS FOR PLAINTIFF
William Norman and all others similarly situated

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA**

**WILLIAM NORMAN, Individually
and on Behalf of All Others Similarly Situated,**

    **PLAINTIFF,**

vs.

**SALTWATER, INC.,**

    **DEFENDANT.**                                     Case No. _____

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

Plaintiff William Norman ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Colby Qualls of Sanford Law Firm, PLLC, *pro hac vice* motion to be filed, and Daniel Pace of Pace Law Office, for his Original Complaint—Collective Action against Saltwater, Inc. ("Defendant"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Alaska Wage and Hour Act, Alaska Stat. § 23.10.050, *et seq.* (the "AWHA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient overtime wages under the FLSA and the AWHA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AWHA as described, *infra.*

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of Alaska has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges AWHA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AWHA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts within the State of Alaska.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Alaska has personal jurisdiction over Defendant, and Defendant therefore "resides" in Alaska.

8. Defendant is headquartered in Anchorage. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and resident of Arapahoe County, Colorado.

10. Defendant is an Alaska, for-profit corporation.

11. Defendant's registered agent for service of process is Kathy Robinson at 733 North Street, Anchorage, Alaska 99501.

12. Defendant, in the course of its business, maintains a website at https://www.saltwaterinc.com/.

## IV. FACTUAL ALLEGATIONS

13. Defendant's primary business is to monitor fisheries and collect data for its customers.

14. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

15. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

17. Specifically, Defendant employed Plaintiff as a Biologist from approximately November of 2002 until June of 2021.

18. Defendant also employed other Biologists within the three years preceding the filing of this lawsuit.

19. At all relevant times herein, Defendant directly hired Plaintiff and other Biologists to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AWHA.

21. Defendant misclassified Plaintiff as exempt from the overtime provisions of the FLSA and AWHA.

22. Defendant also misclassified other Biologists as exempt from the overtime provisions of the FLSA and the AWHA.

23. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all Biologists at all of their locations, including policies, practices, and procedures relating to payment of minimum wages.

24. Defendant is an "employer" within the meaning set forth in the FLSA and the AWHA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the proposed collective.

25. Plaintiff and other Biologists' primary job duties were to take samples from fish and then examine and identify the samples.

26. Plaintiff and other Biologists did not have the authority to hire other employees.

27. Plaintiff and other Biologists did not exercise discretion or independent judgment as to matters of significance.

Original Complaint—Collective Action
*William Norman, et al. v. Saltwater, Inc.*, Case No. _____
Page 5 of 14

Case 3:22-cv-00210-SLG   Document 1   Filed 09/30/22   Page 5 of 14

28. The duties of Plaintiff and other Biologists were rote and routine, and they sought input from Defendant or supervisors when their duties were not rote and routine.

29. Plaintiff and other Biologists, in carrying out their duties, followed the processes put in place by Defendant and others.

30. Plaintiff and other Biologists did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

31. Plaintiff and other Biologists did not catch, take, propagate, harvest, cultivate or farm any kind of fish in the course of this duties.

32. Defendant paid Plaintiff and other Biologists a set amount per day ("day rate").

33. If Plaintiff and other Biologists did not work a day, they were not paid for that day.

34. Plaintiff and other Biologists were not paid a weekly minimum guaranty pursuant to 29 C.F.R. § 541.604(b).

35. Defendant did not pay Plaintiff and other Biologists 1.5x his regular hourly rate for hours worked over 40 each week.

36. Plaintiff and other Biologists regularly worked over 40 hours per week during their employment with Defendant.

37. Defendant was responsible for setting Plaintiff's and other Biologists' schedule.

38. Defendant knew or should have known that Plaintiff and other Biologists worked hours over 40 in some weeks.

39. At all relevant times herein, Defendant has deprived Plaintiff and other Biologists of wages for all hours worked, including overtime compensation for all of the hours worked over forty per week.

40. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AWHA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

41. Plaintiff brings his claims for relief for violation of the FLSA and the AWHA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked for Defendant in excess of forty each week;

B. Liquidated damages; and

C. Attorney's fees and costs.

42. Plaintiff proposes the following collective under the FLSA:

**All Biologists in the last three years.**

43. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were misclassified by Defendant as exempt from the minimum wage and overtime requirements of the FLSA.

B. They had substantially similar job duties and requirements.

C. They were paid a set amount per day ("day rate").

D. They were subject to Defendant's common policy of not paying a weekly minimum guaranty pursuant to 29 C.F.R. § 541.604(b).

E. They did not receive an overtime premium for hours worked over forty each week.

46. Plaintiff's claims are essentially the same as those of the putative collective.

47. Defendant's unlawful conduct is pursuant to a corporate policy or practice.

48. Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds ten persons.

Original Complaint—Collective Action
*William Norman, et al. v. Saltwater, Inc.*, Case No. _____
Page 8 of 14

49. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

50. The names, addresses and cell phone numbers of the FLSA and AWHA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA and AWHA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA and AWHA claims.

## VI. FIRST CAUSE OF ACTION
**(Individual Claim for Violation of the FLSA)**

51. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

53. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets

certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

55. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

56. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

57. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

59. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

60. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

62. During the period relevant to this lawsuit, Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

63. Despite the entitlement of Plaintiff and all others similarly situated to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff and all others similarly situated lawful overtime wages for all hours worked over forty each week.

64. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all others similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AWHA)

66. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AWHA, Alaska Stat. § 23.10.050, *et seq.*

67. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AWHA, Alaska Stat. § 23.10.145.

68. Alaska Stat. § 23.10.060 requires employer to pay their employees 1.5x their regular rate of pay for all hours worked in excess of 40 per week, unless an employee meets certain exemption requirements.

69. Alaska Stat. § 23.05.140 requires employers to pay their employees all wages due within certain time periods after termination.

70. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the AWHA.

71. Despite the entitlement of Plaintiff to lawful overtime wages under the AWHA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

72. Defendant failed to pay Plaintiff all his wages due after termination.

73. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

74. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, penalties and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff William Norman, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AWHA and their related regulations;

D. Judgment for damages owed to Plaintiff and others similarly situated under the FLSA, the AWHA and their related regulations;

E. Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA and the AWHA;

F. Judgment for penalties pursuant to Alaska Stat. § 23.05.140(d);

G.  For a reasonable attorneys' fee, costs, and pre-judgment interest; and

H.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**WILLIAM NORMAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*LEAD COUNSEL FOR PLAINTIFF*
Pro Hac Vice *Motion to be filed*

PACE LAW OFFICES
101 East Ninth Avenue, 7a
Anchorage, Alaska 99501
Telephone: 907-222-4003

*/s/ Daniel I. Pace*
Alaska Bar. #1305008
Daniel Pace
Dan@pacelawoffices.com

*LOCAL COUNSEL FOR PLAINTIFF*